JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas E. Perez, Secretary of Labor

### DEFENDANTS
Encorium Group, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John M. Strawn, U.S. Dept. of Labor, Office of the Solicitor, 170 S. Independence Mall W., Suite 630E, Phila., PA 19106 (215) 861-5145

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | [X] 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ERISA 29 USC § 1001 et seq.
Brief description of cause:
ERISA Violations - Abandoned 401(k) Plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  09/29/2015

SIGNATURE OF ATTORNEY OF RECORD  */s/ John Strawn/*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: U.S. Department of Labor, Office of the Solicitor, 170 S. Independence Mall W., Suite 630E, Philadelphia, PA 19106

Address of Defendant: 1275 Drummers Lane, Suite 300, Wayne, PA 19087

Place of Accident, Incident or Transaction: 1275 Drummers Lane, Suite 300, Wayne, PA 19087

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA Violations

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, John M. Strawn, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: September 29, 2015          *[signature]*          PA ID #49789
                                  Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 29, 2015          *[signature]*          PA ID #49789
                                  Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Thomas E. Perez, Secretary of Labor | : | CIVIL ACTION |
| v. | : | |
| Encorium Group, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| | | |
|---|---|---|
| September 29, 2015 | John M. Strawn | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-5145 | (215) 861-5162 | strawn.john@dol.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> ENCORIUM GROUP, INC., <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Thomas E. Perez, Secretary of Labor, United States Department of Labor, ("the Secretary") hereby alleges:

### JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, ("ERISA" or "the Act") and is brought to obtain relief under sections 409 and 502 of the Act, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under section 409 of the Act, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of the Act.

2.      This Court has subject matter jurisdiction over this action pursuant to section 502(e)(1) of the Act, 29 U.S.C. § 1132(e)(1).

3.      Venue with respect to this action lies in the Eastern District of Pennsylvania, pursuant to section 502(e)(2) of the Act, 29 U.S.C. § 1132(e)(2).

4. The Encorium Group, Inc. 401(k) Profit Sharing Plan & Trust ("the Plan") is an employee benefit plan within the meaning of section 3(3) of the Act, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act pursuant to section 4(a) of the Act, 29 U.S.C. § 1003(a).

5. Encorium Group, Inc. ("Encorium"), is a defunct Delaware corporation which had its headquarters in Wayne, Pennsylvania.

## THE PARTIES

6. The Secretary, pursuant to sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of the Act by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of the Act.

7. Encorium is the Administrator of the Plan and the Plan Sponsor. During some or all of the time period relevant to this Complaint, Encorium has exercised discretionary authority and discretionary control respecting management of the Plan, has exercised authority and control respecting management and disposition of the Plan's assets and had discretionary authority and discretionary responsibility in the administration of the Plan. Encorium is therefore a fiduciary to the Plan within the meaning of section 3(21) of the Act, 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of section 3(14)(A) of the Act, 29 U.S.C. § 1002(14)(A).

## GENERAL ALLEGATIONS

8. On or about March 1, 1996, Encorium's predecessor, the Covalent Group, established the Plan to provide a way for its employees to voluntarily save for their retirement

years on a tax-free basis. The Plan was funded by elective employee contributions and by discretionary contributions from Encorium.

9. Encorium contracted with Automatic Data Processing, Inc. ("ADP") to manage the Plan.

10. In or around September of 2009, Encorium initiated procedures to terminate the Plan, effective October 30, 2009, by instructing ADP to terminate the Plan.

11. ADP informed Encorium that Encorium needed to take additional steps to effectuate the termination of the plan, including the submission of participant election forms. Encorium failed to take the necessary actions, however, and the Plan was not terminated and the assets were not distributed to the participants.

12. In or around October of 2009, Encorium sold all of its United States-based assets to Pierrel Research ("Pierrel") and ceased operations. Pierrel purchased Encorium's assets and hired some of its employees, but did not assume responsibility for administering the Plan.

13. After Encorium ceased operations, its subsidiary, Encorium Oy, a Finnish corporation, continued operations, but did not assume responsibility for administering the Plan.

14. In or around May 2012, Encorium Oy filed for bankruptcy, ceased all business activity, and terminated its employees. The Secretary is not aware of any other active corporate entity connected to Encorium.

15. On September 19, 2014, the Securities and Exchange Commission ("SEC") ordered that Encorium's securities be deregistered. The SEC found that Encorium was a void Delaware corporation and that it had not filed forms required pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) *et seq.*, since fiscal year 2010.

16. By going out of business before termination of the Plan could be completed, Encorium failed to effectuate the distribution of Plan assets held in trust.

17. Encorium has not taken fiduciary responsibility for the Plan and its assets, nor has it appointed anyone to assume said responsibility.

18. Plan participants have not been able to obtain distributions from the Plan due to Encorium's failure to meet its fiduciary responsibilities, including the submission and approval of participant election forms to ADP.

19. As of May 12, 2015, the Plan had thirty-three (33) participants with assets totaling $966,752.08.

## VIOLATIONS

20. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-19 inclusive.

21. By the actions and conduct described above, Encorium, as fiduciary of the Plan,

   a. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of the Act, 29 U.S.C. § 1104(a)(1)(A);

   b. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise

of a like character and with like aims, in violation of Section 404(a)(1)(B) of the Act, 29 U.S.C. § 1104(a)(1)(B); and

    c. failed to discharge its duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of Section 404(a)(1)(D) of the Act, 29 U.S.C. § 1104(a)(1)(D).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an order:

    A. Removing defendant Encorium from its position as fiduciary with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries; and

B.  Awarding such further relief as is appropriate and just.

        Respectfully submitted,

        M. Patricia Smith
        Solicitor of Labor

        Oscar L. Hampton III
        Regional Solicitor

        /s/ John M. Strawn

        John M. Strawn
        Attorney, PA ID# 49789
        Office of the Solicitor
        Suite 630 East, The Curtis Center
        170 South Independence Mall West
        Philadelphia, PA 19106-3306
        Telephone: (215) 861-5145
        Facsimile:  (215) 861-5162
        Strawn.john@dol.gov
        sol.phi.docket@dol.gov

        U.S. DEPARTMENT OF LABOR

        Attorneys for Plaintiff

        September 29, 2015